Opinion of the court.

[No. 1857.]

HENRY SHAW *v.* THE STATE.

1. PRACTICE — PLEA — STATUTES CONSTRUED. — It follows from a proper construction of articles 536, 603 and 604 of the Code of Criminal Procedure, that when a criminal case, less than capital, is called for trial, and, before it proceeds further, the defendant, by himself or his counsel, must plead whether or not he is guilty, and that it is only when the defendant or his counsel refuses thus to plead that the court is authorized to enter a plea of not guilty for him. Without a plea there is and can be no issue for the jury to try or the court to determine.

2. SAME — CASE STATED — NEW TRIAL. — The motions for new trial and in arrest of judgment in this case, supported by affidavits, which were not even attempted to be controverted, allege that the defendant was not offered the privilege of pleading, and never did plead to the indictment, and moved the court to have the judgment entry corrected where it alleged that a plea was entered by the defendant. *Held,* that the motions for new trial and in arrest of judgment should have been sustained.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

This conviction was for the theft of a watch and chain of the value of $100, the property of T. McMullen, in Bexar county, Texas, on the 12th day of January, 1884. A term of four years in the penitentiary was the punishment awarded.

The questions discussed in the opinion do not necessitate a statement of the evidence.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. It is provided by the Code that "in all cases less than capital the defendant is required, when his cause is called for trial, before it proceeds further, to plead by himself or his counsel whether or not he is guilty." (Code Crim. Proc., art. 603.) "By the term 'called for trial' is meant the stage of the cause when both parties have announced that they are ready, or when a continuance, having been applied for, has been denied." (Code Crim. Proc., art. 604.) "The plea of not guilty may be made by defendant or by his counsel in open court, and in all cases where the defendant refuses to plead the plea of not guilty shall be entered for him by the court." (Code Crim. Proc., art. 536.)

It follows from the above that, when the case is called for trial, and before it proceeds further, the defendant, by himself or his counsel, must plead whether or not he is guilty (*Cole* v. *The State*, 11 Texas Ct. App., 68), and that it is only where defendant or counsel refuses thus to plead that the court is authorized to enter a plea of not guilty for him. Without a plea there is and can be no issue for the jury to try or the court to determine. It is absolutely essential to a valid trial.

In the case before us, defendant's motion for new trial, and also his motion in arrest of judgment, allege that defendant was not offered the privilege of pleading, and never did plead to the indictment, and he moved the court to have the judgment entry corrected where it alleged that a plea was entered by defendant. Affidavits of defendant and third parties were filed in support of these motions. These affidavits were not even attempted to be controverted or denied by the State. The motions should have been sustained. (*Wilkins* v. *The State*, 15 Texas Ct. App., 420; *Smith* v. *The State*, 4 Texas Ct. App., 626.)

*Reversed and remanded.*

[Opinion delivered November 26, 1884.]